UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| Marvel T. Johnson ] <br>    Plaintiff ] <br> ] <br> v. ] <br> ] <br> Equifax Information Services, LLC ] <br> TransUnion, LLC ] <br> Experian Information Solutions, Inc. ] <br> One Main Financial FKA CitiFinancial ] <br> Alliant Credit Union FKA United Airlines Employees Credit Union <br>    Defendants | | 3:13-CV-658-HEH <br><br> **JURY DEMANDED** |

## AMENDED COMPLAINT

Mr. Johnson, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act and The Fair Debt Collection Practices Act.

## PRELIMINARY STATEMENT

1.  This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq*.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)                                                        Page 1

**JURISDICTION, VENUE and JURY DEMAND**

2. This court has Federal Question jurisdiction, 28 U.S.C. §1331, pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

3. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Eastern District of Virginia. 28 U.S.C. §1391(b) and (c).

4. The court has personal jurisdiction over the defendants because they regularly transact business here, such that they should expect to be hailed into court here.

5. **TRIAL BY JURY IS DEMANDED. Fed.R.Civ.P. 38**

**PARTIES**

6. Plaintiff is a natural person and a resident of the Commonwealth of Virginia

7. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8. Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9. Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

Page 2

standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

12. TransUnion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

13. Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)                                                                 Page 3

§1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

14. Alliant Credit Union (Formerly known as United Airlines Employees Credit Union) (hereinafter "Alliant") is a Credit Union based in Chicago Illinois, and may be served at its President/CEO, David Mooney, 11545 W. Touhy Ave, Chicago, IL 60686.

15. Upon information and belief, Alliant is a furnisher of information to Equifax, TranUnion and Experian.

**FACTS**

16. Plaintiff denies having had an account with Alliant.

17. Between January 2012 and May 2013, Defendant Alliant reported falsely, to Equifax, Experian and TransUnion that the plaintiff had an account with Alliant and that the default occurred in 2009 or 2010, with a balance in excess of $13,000.

18. In May 2013, plaintiff communicated a dispute to Equifax, TransUnion and Experian, explaining that the debt was not his.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

Page 4

19. On information and belief, Equifax sent a dispute communicating to defendant Alliant, providing all relevant information.

20. On information and belief, Experian sent a dispute communicating to defendant Alliant, providing all relevant information.

21. On information and belief, TransUnion sent a dispute communicating to defendant Alliant, providing all relevant information.

22. On information and belief, Alliant verified to each of Equifax, TransUnion and Experian that the plaintiff had personal liability for the debt, and verified the date of delinquency.

23. Plaintiff had an account with One Main.

24. Plaintiff had insurance on his One Main account to protect against unemployment.

25. Plaintiff became involuntarily unemployed.

26. Plaintiff notified One Main that he had become involuntarily unemployed.

27. The insurance plaintiff had purchased should have paid the payments while plaintiff was involuntarily unemployed.

28. Plaintiff complained to One Main about the failure of the insurance to pay.

29. Plaintiff disputed the technically accurate but misleading information to Equifax, TransUnion and Experian on at least 2 occasions in 2013.

30. On information and belief, Equifax sent a dispute communicating to defendant One Main, providing all relevant information.

31. On information and belief, Experian sent a dispute communicating to defendant One Main, providing all relevant information.

32. On information and belief, TransUnion sent a dispute communicating to defendant One Main, providing all relevant information.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)                                                          Page 5

33. On information and belief, One Main verified to each of Equifax, TransUnion and Experian that the plaintiff had personal liability for the debt, and verified that the account was delinquent, and the date of delinquency.

34. On information and belief, Equifax failed to have a procedure in place to assure maximum possible accuracy.

35. On information and belief, Experian failed to have a procedure in place to assure maximum possible accuracy.

36. On information and belief, TransUnion failed to have a procedure in place to assure maximum possible accuracy.

37. As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being denied credit.

**COUNT ONE:**
**CLAIM FOR RELIEF**
**(Defendants Equifax, TransUnion and Experian ONLY)**
**15 U.S.C. §1681e[B]**

38. Plaintiff restates and re-alleges all previous paragraphs herein.

39. Defendants have violated 15 U.S.C. §1681e[B] in that they failed to maintain a procedure designed to assure maximum possible accuracy.

40. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

41. Defendants have done so either negligently or willfully.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)                                                                 Page 6

42. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

43. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n

**COUNT TWO:**
**CLAIM FOR RELIEF**
**(Defendants Equifax, TransUnion and Experian ONLY)**
**15 U.S.C. §1681i[a][2]**

44. Plaintiff restates and re-alleges all previous paragraphs herein.

45. Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to consider all forward all relevant information to the furnisher of information..

46. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

47. Defendants have done so either negligently or willfully.

48. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

49. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**COUNT THREE:**
**CLAIM FOR RELIEF**
**(Defendants Equifax, TransUnion and Experian ONLY)**
**15 U.S.C. §1681i[a][4]**

50. Plaintiff restates and re-alleges all previous paragraphs herein.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)                    Page 7

51. Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to delete information that was inaccurate or could not be verified.

52. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

53. Defendants have done so either negligently or willfully.

54. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

55. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)          Page 8

## COUNT FOUR:
## CLAIM FOR RELIEF
## (Defendants Equifax, TransUnion and Experian ONLY)
## 15 U.S.C. §1681i[a][5]

56. Plaintiff restates and re-alleges all previous paragraphs herein.

57. Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information..

58. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

59. Defendants have done so either negligently or willfully.

60. Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

61. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.


## COUNT FIVE:
## CLAIM FOR RELIEF
## (Defendants Alliant and One Main ONLY)
## 15 U.S.C. §1681s-2[b][1][A]

62. Plaintiff restates and re-alleges all previous paragraphs herein.

63. Defendant have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of information forwarded to them by a Consumer Reporting Agency.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9

64. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

65. Defendants have done so either negligently or willfully.

66. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

67. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**COUNT SIX:**
**CLAIM FOR RELIEF**
**(Defendants Alliant and One Main ONLY)**
**15 U.S.C. §1681s-2[b][1][B]**

68. Plaintiff restates and re-alleges all previous paragraphs herein.

69. Defendant have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies.

70. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

71. Defendants have done so either negligently or willfully.

72. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

73. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

Page 10

## COUNT SEVEN:
### CLAIM FOR RELIEF
### (Defendants Alliant and One Main ONLY)
### 15 U.S.C. §1681s-2[b][1][C]

74. Plaintiff restates and re-alleges all previous paragraphs herein.

75. Defendant have violated 15 U.S.C. §1681s-2[b][1][C] in that they failed to report the results of their investigation to the consumer reporting agencies.

76. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

77. Defendants have done so either negligently or willfully.

78. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

79. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT EIGHT:
### CLAIM FOR RELIEF
### (Defendants Alliant and One Main ONLY)
### 15 U.S.C. §1681s-2[b][1][D]

80. Plaintiff restates and re-alleges all previous paragraphs herein.

81. Defendant have violated 15 U.S.C. §1681s-2[b][1][D] in that they failed to report to all national consumer reporting agencies that the information was inaccurate or unverifiable.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

Page 11

82. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

83. Defendants have done so either negligently or willfully.

84. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

85. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**COUNT NINE:**
**CLAIM FOR RELIEF**
**(Defendants Alliant and One Main ONLY)**
**15 U.S.C. §1681s-2[b][1][E]**

86. Plaintiff restates and re-alleges all previous paragraphs herein.

87. Defendant have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to have a procedure to [i] modify the information in their system, [ii] delete the in accurate or unverifiable information, or [iii] block the re-reporting of inaccurate or unverifiable information.

88. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

89. Defendants have done so either negligently or willfully.

90. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

---

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)    Page 12

91. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

        **MARVEL T. JOHNSON**

        /s/ Jason M. Krumbein, Esq.
        Jason M. Krumbein, Esq. VSB#43538
        JKrumbein@KrumbeinLaw.com (e-mail)
        Counsel for Plaintiff
        5310 Markel Rd. Suite 102
        Richmond, VA 23230
        804.303.0204
        804.303.0209 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 13

## CERTIFICATE OF SERVICE

I hereby certify that on this 5 December 2013 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**David N. Antony, Esq. Counsel for Experian**

**Michael R. Ward, Esq. Counsel for TransUnion**

**John W. Montgomery, Jr. Esq, Counsel for Equifax**

**Stephen A. Cobb, Esq. Counsel for One Main**

**O'Kelly E. McWilliams, III, Esq. Counsel for Alliant**

**Counsel for Defendants**

And to the following non-filing users:

NONE

                                                                                                                     /s/_____
Jason M. Krumbein, Esq. VSB# 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
5310 Markel Rd. Suite 102
Richmond, VA 23230
(804) 303-0204 - Telephone
(804) 303-0209 – Facsimile

Jason M. Krumbein, Esq. VSB#43538
Counsel for Marvel T. Johnson
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.3030209 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

Page 14